OPINION
This appeal emanates from a final judgment of the Lake County Court of Common Pleas. Appellant, Donnie L. Henton, seeks the reversal of certain sanctions which were imposed as part of his sentence in the underlying criminal matter.
In August 1997, appellant entered a plea of guilty to one count of sexual battery, a third-degree felony under R.C. 2907.03, and one count of domestic violence, a fifth-degree felony under R.C. 2919.25. Upon accepting this plea, the trial court sentenced appellant to three years of community control, during which he would be subject to the general supervision of the Lake County Adult Probation Department.
As part of the sentencing judgment, the trial court expressly found that appellant was a sexually oriented offender who must comply with the registration requirements of R.C. Chapter 2950. The trial court stated that this finding was made pursuant to a stipulation of fact submitted by the parties. In addition, the court stated that the finding had been rendered after the court had overruled appellant's objection challenging the general constitutionality of the sexual offender laws.
Furthermore, the trial court indicated in the sentencing judgment that, during the sentencing hearing, appellant had been given notice that if his community control was subsequently revoked and he was placed in a state penitentiary, the duration of his term could be extended under R.C. 2967.11 for any certain "violations" he might commit in prison. The court further indicated that this "bad-time" notification had been given after the court had overruled appellant's objection challenging the constitutionality of the bad-time scheme.
In now appealing from the trial court's sentencing judgment, appellant has asserted two assignments of error for our consideration. Under his first assignment, appellant contends that the trial court erred in applying the sexual offender laws to him because the entire statutory scheme is unconstitutional. Specifically, appellant argues that the registration, verification, and notification requirements of R.C. Chapter 2950 violate his rights to due process and equal protection of the law.
As to this point, this court would note that we have previously had the opportunity to address this specific argument. In State v. Cremans (Oct. 29, 1999), Lake App. No. 97-L-215, unreported, we held that, as applied to an individual who has been found to be a sexually oriented offender, R.C. Chapter 2950 does not violate his due process and equal protection rights. Moreover, the general constitutionality of the sexual offender laws was recently upheld by the Supreme Court of Ohio in State v.Williams (2000), 88 Ohio St.3d 513. Thus, as the application of the sexual offender laws to appellant did not violate his constitutional rights, his first assignment of error lacks merit.
Under his second assignment, appellant challenges the trial court's application of R.C. 2967.11 to him. Appellant submits that he should not be subject to the possible imposition of bad time because such a sanction would result in a violation of many of his constitutional rights.
Our review of recent case law indicates that appellant's argument has already been fully considered. In State ex rel. Brayv. Russell (2000), 89 Ohio St.3d 132, the Supreme Court declared R.C. 2967.11, the bad-time statute, unconstitutional on the basis that the parole board's imposition of additional jail time for the commission of a criminal offense in a prison violates the doctrine of the separation of powers. Accordingly, as this aspect of the sentencing judgment was improper, appellant's second assignment of error has merit.
The judgment of the trial court is reversed in part, and the case is hereby remanded for further proceedings consistent with this opinion. Specifically, upon remand, the trial court shall vacate its prior sentencing judgment and issue a new judgment which does not contain any reference to the imposition of bad time. In all other respects, the judgment of the trial court is affirmed.
 _______________________________ ROBERT A. NADER, Judge
FORD, P.J., O'NEILL, J., concur.